Good morning everyone and welcome to the Ninth Circuit. Judge Collins and I are happy to welcome Judge Fitzwater from the Northern District of Texas who's here to help us. Welcome. We'll take the cases in the order on the day sheet. The first case is Correa Vega v. Garland which is submitted. Then is Gutierrez Ramirez v. Garland which is submitted. Esteban Vicente v. Garland which is submitted. The first case for argument is Heidi Patricia Esquivel Rubinos v. Garland. Counsel? Good morning. If it please the court, my name is Peter Hurtado. I'm counsel for the petitioner. This is a case about whether the, this is a case about whether the agency abused its discretion when it did not reopen the petitioner's removal proceedings. The petitioner recognizes the legal and procedural barriers to reopening her case based on the untimeliness of the motion filed some four years after the last submission. Can you address the question whether the open for the purpose of applying for cancellation of removal? Right, I don't think it does. I agree with the respondent. I think that the statute on its plain language only offers that option when you're applying for, when you're showing change circumstances for asylum related application. I think the correct, the strategy for this motion when filed was to sort of fit the sort of round peg of the asylum of the hope to get a cancellation of removal hearing into the sort of square hole if it were of the motion to reopen regulations which are pretty clear that it has to be to one of the exceptions would be change circumstances for asylum purposes. And so your theory is you can piggyback a cancellation onto the permitted asylum one? Yes, so piggyback maybe, piggyback may be the correct term. The idea is I don't think that the petitioner gets, gets a motion to reopen granted based on change circumstances for cancellation of removal. I think she gets there if the board finds that there's change circumstances for asylum. And of course, we know in reopen proceedings that we can look at a new application, we can apply for something else, things like that. So that was always the strategy here. And I don't think that I can argue that the statute itself allows, would allow the board to change circumstances related to cancellation of removal. So you do refer to or brief the change in circumstances of the children's health, but that wouldn't make a difference as, as part of the cancellation of removal argument, but that wouldn't make a difference to whether an exception was applicable, applicable. If I understand your argument, unless that somehow affected your argument that she, there were change circumstances for purposes of withholding, is that correct? That's correct. It was, it was the, the motion and the briefing really was a chance to say, look, there are change, we're trying to get through the door through change circumstances related to asylum. Sure, there are certainly change circumstances related to the cancellation of removal claim. And, you know, mostly that was in there related to the Sponte argument that can the board look at this and reopen based on their discretion? Can they find that these, this evidence of hardship to the two U.S. citizen children constitutes exceptional circumstances, which is very limited to, to then use their discretion to reopen. And we don't have jurisdiction to review that decision unless there was a legal error or constitutional error, correct? Correct. So in your case, Bonilla v. Lynch in 2016, that was, that was made clear. We know historically the court can't review a discretionary decision like this. That's right. So really the argument rests on whether you find that there was some kind of error of law in their decision. And again, this was briefed somewhat by the respondent very well in their answer. And it would just be my argument that the board is within its right to say that this is not an exceptional situation. However, did they review all the evidence? Their one or two sentence decision mentions hardship to one, one or the other. The decision does not mention. Counsel, is that legal error to talk about, say, the son rather than the daughter or vice versa? Right. It's, it's our argument that, you know, it's what I have to stand on that. Are they, are they, do they need to look at all the evidence? They say that they did look at all the evidence. They don't have to outline all the evidence. They don't have to say, you know, it could be that when someone makes a discretionary decision that the court needs to agree that they considered all the evidence. So that might be a legal error. But the other thing that I would focus on in terms of legal error is, and I feel like what was in Bonilla is this idea that did they make this decision against the correct legal background? So they mentioned we don't have the ability to grant, authority to grant relief from removal solely on equitable humanitarian grounds. And I feel like we're not, the motion was not asking for relief for removal. It was asking for, to reopen. And so of course the board knows what it's doing and is, and understands the difference between a motion to reopen and cancellation of removal. However, we were not asking for a grant of cancellation of is that enough of a legal error to send it back to the board and say, no, the motion was not requesting that you in your discretion grant cancellation of removal or any kind of relief from removal. Only that you, the petitioner was asking for reopening. And I think, again, the respondent mentioned this in their brief and mentioned it very well. However, that would be our argument that this was a kind of, was the board using the correct legal background when it made its decision, when it made its sua sponte decision. Do you want to save the rest of your time for rebuttal? Thank you. Yes. All right. We'll hear from the government. Good morning, your honors, and may it please the court. Leslie McKay for the attorney general. Your honors, the court should deny the petition for review for three reasons. The motion to reopen as to cancellation of removal was untimely. I don't think there is any real dispute about that. The plain language of 240 C7 C2 of the statute prevents sort of importing a cancellation motion into the asylum context. It says there is no time. Excuse me, what do we make of the reference to 1229 B per NB in C4? I'm sorry, your honor, say again. But what do we make of the reference to 1229 B per NB, which is the cancellation statute in C, in 7 C4? Oh, yes, I see. I'm sorry. I'm with you now. So that is for that's a special rule. That's special rule cancellation of removal. And that is a distinct form of cancellation of removal that is meant for battered spouses. It's not regular cancellation of removal for a non-permanent residence, which is what I believe that this petitioner is seeking. There's there's never been a claim that she's eligible for special rule cancellation. Well, I mean, maybe it's an error in the official. I mean, Title 8 is not enacted and maybe it's an error in how this was transcribed into it. But in the official code version, it says Section 1229 B per NB and B1 is regular cancellation and B2 is the special removal. But the two is missing. Oh, I see what you're saying. I don't know. I don't know the answer to that. It may be a it may be a problem in the code itself. But I again, I don't think that there there has ever been a special rule cancellation claim here. The only cancellation applications we have in the record are cancellation of removal for non-permanent residence. There's so I don't think that those rules for special rule cancellation really would apply here or would accept her motion from the regular motions time limits. And second, if we can move on past cancellation, unless there are further questions, the to the extent that petitioner sought asylum with her to renew her application for asylum with her motion to reopen, the she had an established materially changed country conditions in Guatemala that would excuse the time for filing. And if you look at a comparison of the country conditions evidence that's in the record, the 2008 Department of State reports that were before the immigration judge and the 2016 State Department reports that came in with the motion to reopen the language, including the languages quoted in the opening brief is nearly identical. So the board reasonably could say that there was simply a continuation of circumstances and and again could go on to then determine that also this generalized evidence did little to nothing to establish petitioner's prima facie eligibility for asylum. And I think that that is particularly important given the prior panel decision in this case, which focused on the lack of specific evidence showing an individualized threat to her. So third, the sua sponte denial, I probably the parties have the most disagreement in this case, I don't think that there was a legal or constitutional error under Bonilla. I don't think that there the board was operating on an incorrect legal premise. If you look at the language of the board's order, it articulated the correct discretionary standard. It's cited to its decision in matter of JJ, which is a correct and controlling case in this context. And it considered petitioner's evidence. And it concluded that that didn't warrant sua sponte reopening that it didn't establish exceptional circumstances warranting sua sponte reopening. And to look at the last that last sentence that that petitioners council brought up where the board says that it does not have the authority to grant relief solely on equitable or humanitarian grounds. I think a couple things can be said about that sentence. First, I think it links back to matter of JJ, where the board has always been very clear that sua sponte reopening is not meant as a general cure for filing defects where enforcing them might result in hardship. I don't think that the board was saying it didn't have the authority to grant cancellation of removal. I don't that it was failing to exercise its discretion in the way that the court found the board was doing in Bonilla. I think instead that the board was responding to the motion to reopen and if you look at the record at pages 28 and also 36 to 40 in her motion, petitioner invoked equity, she mentioned her good character, which has never been in question. She mentioned her lengthy presence, which also has never been in question. And she invoked the fact that really cancellation of removal is the only long term form of relief for which she might be eligible at this point. So I think the board was responding to that and only affirming which is true, that it lacks authority to fashion forms of relief that are not provided for in the statute. And that's what those final citations to matter of silver Rodriguez and matter of Medina bear out. Both of those cases, silver Rodriguez involved a case where the immigration judge granted an unusually long continuance for the purpose of allowing the alien in that case to try to demonstrate rehabilitation. And the board found that that was really outside the confines of, of good cause of what the immigration judge could do. And Medina matter of Medina involved a request to fashion really what we now know as temporary protected status, or deferral of removal to a war torn country at that time, it was El Salvador, which was still locked in a civil war. And so what the board says in those cases is, you know, where there are sympathetic circumstances and where there are equities and where it might seem fair to someone reading the record to fashion some form of relief. That's understandable. But the agency is bound by the authority that's granted to it in the statute. So I think that's all it was doing. I don't again, I don't, I don't think that we have a situation like the court faced in Bonilla, where there was a failure to exercise discretion, because in that case, the board erroneously thought that the that the petitioner was ineligible to 12 c relief. And so there would be no purpose to sui sponte reopening. And the court found that the to 12 c finding was a mistake. And so therefore, in denying sui sponte reopening, based on that mistake, that that was the error, we don't have a mistake like that in this case. And so the court should find that it lacks jurisdiction over that sui sponte denial and and should deny this petition for review. And unless the court has further questions for me, I'm happy to submit on the briefs. Apparently no more questions. Thank you. You have a few minutes for rebuttal. Thank you. Yes, I would, I would concur with the respondent that the sui sponte section of the board probably just see differently. Everything that the, you know, the ways that the respondent described how what the board was thinking, I understand. And I would just say that, you know, when they're talking about the hardship to the children, and those are equitable and humanitarian grounds that they should and can consider in a sui sponte decision. And we're not arguing that they didn't consider all the evidence. What we're what we're arguing is that we're not we were not asking for them to grant relief from removal. They weren't we weren't asking them to make a decision on the cancellation of removal application. We were asking them to look at equitable and humanitarian grounds and reopen based on their own discretion. Any questions? All right. The case of Heidi Patricia Esquivel Rubinos v. Garland is submitted.
judges: IKUTA, COLLINS, Fitzwater